JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON (Bar No. 162329)
sgibson@jmbm.com
JESSICA P. G. NEWMAN (Bar No. 309170)
jnewman@jmbm.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:  (310) 203-0567

KEYHANI LLC
DARIUSH KEYHANI (*pro hac vice*)
dkeyhani@keyhanilli.com
105 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Facsimile: (202) 318-8958

Attorneys for Defendant and Counterclaimant SWISSDIGITAL USA CO., LTD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TARGUS INTERNATIONAL LLC., a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> SWISSDIGITAL USA CO., LTD., <br><br> Defendant. <br><br>―――――――――――――― <br><br> SWISSDIGITAL USA CO., LTD <br><br> Counterclaimaints, <br><br> v. <br><br> TARGUS INTERNATIONAL, LLC., a Delaware limited liability company., <br><br> Counterdefendant. | Case No. 8:20-cv-00782-JLS-DFMx <br><br> **DEFENDANT SWISSDIGITAL USA CO., LTD'S ANSWER AND COUNTERCLAIM TO PLAINTIFF TARGUS INTERNATIONAL LLC'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** <br><br> The Hon. Josephine L. Stanton <br><br> Trial Date:     None Set |

Defendant Swissdigital USA Co., Ltd. ("Swissdigital" or "Defendant"), by its counsel, hereby answers the allegations set forth in Plaintiff Targus International LLC ("Targus" or "Plaintiff")'s Complaint as follows:

## I. THE PARTIES[1]

1. Swissdigital is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint, and therefore denies them.

2. Swissdigital denies the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

3. Swissdigital admits that Plaintiff's Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4. Swissdigital admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Swissdigital denies it has committed or is committing acts of infringement.

5. Swissdigital does not contest whether personal jurisdiction over it properly lies in this District in this case, or that it conducts business in the State of California. Swissdigital denies the remaining allegations set forth in Paragraph 5, including that it provides, sells, and offers to sell infringing products in this District or elsewhere, and that it commits, and continues to commit, acts of patent infringement in this District, State, or elsewhere.

6. The allegations set forth in Paragraph 6 of Plaintiff's Complaint state a legal conclusion to which no response is required. To the extent that a response is

---

[1] For convenience, certain section headings used by Plaintiff in its complaint are repeated herein.

required, Swissdigital denies the allegations set forth in Paragraph 6, including that it has committed acts of infringement in this District or elsewhere.

### III. FACTUAL BACKGROUND

7. Swissdigital is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint, and therefore denies them.

8. Swissdigital is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint, and therefore denies them.

9. The allegations set forth in Paragraph 9 of Plaintiff's Complaint state a legal conclusion to which no response is required. To the extent that a response is required, Swissdigital denies the allegations set forth in Paragraph 9.

10. Swissdigital denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Swissdigital denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Swissdigital denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Swissdigital denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Swissdigital denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Swissdigital denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Swissdigital admits that it sent Targus a message on April 22, 2020. Swissdigital denies the remaining allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Swissdigital denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

## IV.  FIRST CAUSE OF ACTION

18. Swissdigital repeats and realleges its answers as set forth in Paragraphs 1 through 17, above, as though fully set forth herein.

19. Swissdigital denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Swissdigital denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Swissdigital denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Swissdigital denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Swissdigital denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Swissdigital denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

## V.  PRAYER FOR RELIEF

Swissdigital denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief, including the relief sought in Paragraphs A through F, and/or any other relief.

## VI.  AFFIRMATIVE DEFENSES

25. Swissdigital reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense at law or at equity that may now exist or in the future be available based on discovery and further factual

investigation in this case, whether or not expressly stated herein. Without any admissions as to the burden of proof, burden of persuasion, or the truth of any allegations in Plaintiff's Complaint, Swissdigital states the following defenses:

### FIRST AFFIRMATIVE DEFENSE

26. The allegations set forth in Plaintiff's Complaint fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

27. The allegations set forth in Plaintiff's Complaint should be dismissed for lack of standing.

### THIRD AFFIRMATIVE DEFENSE

28. Swissdigital has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid claim of U.S. Patent No. 8,567,578 ("the '578 Patent"). Swissdigital has not induced and is not inducing infringement of any valid and enforceable claim of the '578 Patent.

### FOURTH AFFIRMATIVE DEFENSE

29. The asserted claims of the '578 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE

30. Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, because any such injunction would be against the public interest, and because Plaintiff has an adequate remedy at law.

## SIXTH AFFIRMATIVE DEFENSE

31. Swissdigital has not intentionally, willfully, or deliberately infringed any valid claim of the '578 Patent.

## SEVENTH AFFIRMATIVE DEFENSE

32. Plaintiff's case is not exceptional under 35 U.S.C. § 285.

## EIGHTH AFFIRMATIVE DEFENSE

33. Plaintiff's infringement claims against Swissdigital regarding the '578 Patent are barred and the '578 Patent is unenforceable against Swissdigital under the equitable doctrines of laches, waiver, estoppel, and/or acquiescence.

## NINTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or prosecution disclaimer at least due to statements, representations, and admissions made to the U.S. Patent and Trademark Office during the prosecution of the application that matured into the '578 Patent and reexamination proceedings.

## RESERVATION OF ADDITIONAL DEFENSES

35. Swissdigital hereby reserves the right to assert additional defenses and/or counterclaims if such defenses or counterclaims are discovered during the course of this litigation.

## DEMAND FOR JURY TRIAL

36. Swissdigital demands a trial by jury on all issues so triable.

///

///

///

# SWISSDIGITAL'S COUNTERCLAIMS

For its counterclaims against Plaintiff Targus International LLC ("Targus"), Counterclaim Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital"), alleges as follows:

## I. THE PARTIES

37. Counterclaim Plaintiff Swissdigital USA Co., Ltd., Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 11533 Slater Ave. Suite H, Fountain Valley, CA 92708.

38. Swissdigital is the exclusive licensee of U.S. Patent No. 10,574,071 ("the '071 Patent"), titled "Bag or luggage with USB charging connector," with the exclusive right to sue in the United States for damages, including all past damages.

39. Swissdigital's invention is a bag or luggage item that provides convenient charging for its user by providing a space for placing a power storage device inside the bag or luggage body, a power cable outlet on the outer surface of the bag or luggage body, and a USB extension cable that connects to the power storage device inside the bag. Swissdigital's invention has been marked with U.S. Patent No. 10,574,071.

40. On information and belief, Targus International LLC is a Delaware limited liability company, with its principal place of business at 1211 N. Miller Street, Anaheim, California 92806.

41. On information and belief, Targus is generally in the business of designing, manufacturing, distributing, selling, and offering for sale luggage products, including laptop bags and cases, travel briefcases, and backpacks.

42. Targus has directly infringed, contributorily infringed, and induced others to infringe at least claim 1 of the '071 Patent in the United States by offering for sale and selling luggage products, including but not limited to the 15.6" CityLite Pro Premium Convertible Backpack, model TSB939GL (the "CityLite Backpack").

43. On information and belief, Targus advertises, sells, and conducts business throughout the United States, including within the state of California and within this District. On information and belief, at all relevant times Targus was in the business of offering for sale and selling its luggage products in the United States.

## II. JURISDICTION

44. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because these counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

45. Targus has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

46. Based solely on Targus's filing of this action, venue is proper in this District pursuant to at least 28 U.S.C. § 1400.

## III. FIRST CAUSE OF ACTION
### INFRINGEMENT OF U.S. PATENT NO. 10,574,071

47. Pursuant to 35 U.S.C. § 271(a), Defendants have directly infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '071 Patent by offering for sale or use, and/or selling, distributing, promoting, or providing for use by others in the Central District of California and elsewhere in the United States, luggage products including but not limited to the CityLite Backpack that incorporate an integrated USB socket and include a place for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag.

48. The accused CityLite Backpack includes a USB extension cable having a male connector and a female connector. The male connector is inside the bag and is used to connect to the power storage device in the placing space, and the female connector is retained outside and adjacent to the power cable outlet. The operative end of the female connector does not need to be moved, and the bag does not need to

be opened, for a product to be charged.

49. The CityLite Backpack meets the preamble "a bag or luggage for convenient charging, comprising." The CityLite Backpack is a bag for convenient charging, as it includes an "integrated USB socket."

50. The CityLite Backpack meets the claim element "a bag or luggage body having a placing space for placing a power storage device inside the bag or luggage body and a power cable outlet on the outer surface of the bag or luggage body." The CityLite Backpack includes a place for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag.

51. The CityLite Backpack meets the claim element "a USB extension cable having a male connector and a female connector having four sides and an operative end." The CityLite Backpack includes a USB extension cable with male connector and a female connector having four sides and an operative end.

52. The CityLite Backpack meets the claim element "wherein the male connector of the USB extension cable is inside the bag or luggage body and is used to connect to the power storage device in the placing space." The male connector of the USB extension cable is inside the CityLite Backpack and is used to connect to the power storage device in the placing space.

53. The CityLite Backpack meets the claim element "wherein the female connector is retained outside and adjacent to the power cable outlet with one side of the four sides of the female connector in communication with the bag or luggage body, and the other three sides of the female connector are covered by a water proof sheath that protects the female connector and provides it in a flat position and wherein the sheath is above and covers the power cable outlet." The female connector of the CityLite Backpack is retained outside and adjacent to the power cable outlet. Three sides of the female connector are covered by a water proof sheath and provides it in a flat position and is above and covers the power cable outlet. The remaining side is in communication with the bag or luggage body.

54. The CityLite Backpack meets the claim element "wherein the sheath does not cover the operative end of the female connector which is exposed and fixedly attached above the exterior of the bag such that the operative end of the female connector does not need to be moved and the bag or luggage body does not need to be opened to accept a charging interface of a product to be charged." The operative end of the CityLite Backpack's female connector is exposed and not covered by the sheath. The operative end of the female connector is fixedly attached to the bag, and as it is on the exterior of the bag, the bag does not need to be opened to accept a charging interface of a product to be charged.

55. In violation of 35 U.S.C. § 271(b), Targus has infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '071 Patent indirectly by inducing the infringement of the '071 Patent claim by third parties, including its customers. Targus has induced, caused, urged, encouraged, aided, and abetted its customers to infringe at least claim 1 of the '071 Patent.

56. Targus has done so by affirmative acts, including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products.

57. Targus knowingly and specifically intended third parties to infringe at least claim 1 of the '071 Patent. On information and belief, Targus knew of the '071 Patent, performed affirmative acts that constitute induced infringement, and knew or should have known that those acts would induce actual infringement of one or more of the '071 Patent's claims by third parties.

58. On information and belief, Targus had knowledge of the '071 Patent since at least as early as February of 2020 when the '071 Patent issued.

59. On information and belief, Targus, while fully aware that at least its CityLite Backpack infringed one or more of the claims of the '071 Patent, offered for sale, sold, and induced others to buy, use, and sell the infringing products.

60. In violation of 35 U.S.C. § 271(c), Targus has infringed (literally and/or under the doctrine of equivalents), at least claim 1 of the '071 Patent indirectly by contributing to the infringement of at least claim 1 of the '071 Patent.

61. Targus has contributed to the infringement of at least claim 1 of the '071 Patent because it knew that the CityLite Backpack it offered for sale was infringing and not suitable for substantial non-infringing use.

62. As a result of Targus's infringement of the '071 Patent, Swissdigital has suffered monetary losses for which he is entitled to an award of damages that is adequate to compensate Swissdigital for the infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty.

63. On information and belief, Targus's infringement of the '071 Patent has been deliberate, willful, and with full knowledge, or willful blindness to knowledge, of the '071 Patent.

64. Swissdigital has suffered damages in an amount to be determined at trial by reason of Targus's willful infringement of the '071 Patent.

## PRAYER FOR RELIEF

Wherefore, Swissdigital prays for relief, as follows:

A. That Swissdigital is the exclusive licensee of all rights and interest in and to United States Patent No. 10,574,071, together with all rights to sue and to recover under such patent for past infringement thereof;

B. That United States Patent No. 10,574,071 is valid and enforceable in law and that Targus has infringed said patent;

C. Awarding to Swissdigital its damages caused by Targus's infringement of United States Patent No. 10,574,071;

D. That Targus's infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

E.    That this is an exceptional case and awarding to Swissdigital its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.    Awarding to Swissdigital such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Swissdigital hereby demands a trial by jury for all issues triable by jury.

Respectfully submitted,

DATED: June 15 2020

JEFFER MANGELS BUTLER & MITCHELL LLP
STANLEY M. GIBSON
JESSICA P. G. NEWMAN

By: /s/ Jessica P.G. Newman
JESSICA P. G. NEWMAN

Dariush Keyhani (*pro hac vice*)
KEYHANI LLC
105 30th Street NW
Washington, DC 20007

Attorneys for Defendant and Counterclaimaint
SWISSDIGITAL USA CO., LTD