1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| TARGUS INTERNATIONAL LLC | Case No.: 8:20–cv–00782–JLS–DFM |
| Plaintiff(s), | **ORDER SETTING SCHEDULING CONFERENCE FOR AUGUST 7, 2020 AT 10:30 AM, COURTROOM 10-A** |
| v. | |
| SWISSDIGITAL USA CO., LTD. | |
| Defendant(s). | |

18      Judge Staton's Procedures web page is incorporated in this Order.

19      The parties and counsel are ORDERED to review and comply with those

20    procedures and notices, which may be accessed at:

21            http://www.cacd.uscourts.gov/honorable-josephine-l-staton

22

23      This case has been assigned to Judge Josephine L. Staton. If plaintiff has

24    not already served the complaint (or any amendment thereto) on all defendants,

25    plaintiff shall promptly do so and shall file proofs of service within three (3) days

26    thereafter. Defendants also shall timely serve and file their responsive pleadings

27    and file proofs of service within three days thereafter.

28

This case is set for a scheduling conference under Federal Rule of Civil Procedure 16(b) on the date and time stated in the caption of this Order, in Courtroom 10A of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California. Unless excused for good cause shown in advance of scheduling conference, lead counsel shall appear at the scheduling conference at all pretrial hearings fully informed concerning the facts of the case. If the Court determines that a Scheduling Order can be issued based on the Joint Rule 26(f) Report, the scheduling conference will be vacated.

*Attached to this Order, as Exhibit A, are the Court's presumptive dates. Parties wishing to deviate from this schedule shall provide the Court with reasons for each suggested change. A Joint Rule 26(f) Report that is filed without a fully completed Exhibit A will be rejected by the Court and may subject the parties to sanctions.*

Effective January 1, 2018, the Court adopted a procedure in civil cases that defers setting a trial date and an exhibit conference date until the parties appear for the Final Pretrial Conference. The parties are expected to address these issues at the Final Pretrial Conference; therefore, the parties are directed to confer before the Final Pretrial Conference to identify mutually agreeable trial date(s) within the 90 days following the Final Pretrial Conference. Where the Court's trial calendar permits, the Court will set the trial for a date agreed upon by the parties.

### 1.   Joint Rule 26(f) Report

As provided in Fed. R. Civ. P. 26(f), the parties shall meet at least 21 days before the scheduling conference and file a Joint 26(f) Report ("Report") no later than 14 days before the date set for the scheduling conference. The Report shall be drafted by plaintiff (unless the parties agree otherwise), but shall be submitted

and signed jointly. "Jointly" contemplates a single report, regardless of how many

separately represented parties there are.

The Report shall discuss the issues described below. Counsel are to ensure

that their discussions of these issues fully address the topics identified by Federal

Rule of Civil Procedure 26(f)(3)(A)-(F) and Local Rule 26-1(a)-(f).

a.     **Statement of the case:** a short synopsis (not to exceed two

pages) of the main claims, counterclaims, and affirmative defenses.

b.     **Legal issues:** a brief description of the key legal issues,

including any unusual substantive, procedural, or evidentiary issues.

c.     **Damages:** the realistic range of provable damages.

d.     **Insurance:** whether there is insurance coverage, the extent of

coverage, and whether there is a reservation of rights.

e.     **Motions:** statement of the likelihood of motions seeking to add

other parties or claims (*see* Local Rule 26-1(e)), file amended pleadings, to dismiss

for lack of jurisdiction, or to transfer venue.

f.     **Complexity:** a discussion regarding the complexity of the case,

and whether all or part of the procedures of the Manual for Complex Litigation

should be utilized. *See* Local Rule 26-1(a).

g.     **Status of Discovery:** a report regarding the current status of

discovery, including whether initial disclosures have been made and a summary

of any completed discovery.

h.     **Discovery Plan:** The parties must set forth a detailed discovery

plan that discusses all the Federal Rule of Civil Procedure 26(f)(3)(A)-(F) topics,

including topics related to initial discloses, the anticipated subjects of discovery,

the time needed for discovery, issues related to electronically stored information

("ESI"), issues related to privileged materials, whether changes to limitations on

discovery should be made, issues related to protective orders, and any other Rule

16(b) or 16(c) issues. The parties must propose a discovery cutoff date for the

completion of fact discovery.

**i.     Expert Discovery:** The parties shall discuss the timing of expert disclosures and discovery. *See* Fed. R. Civ. P. 26(a)(2); Local Rule 26-1(f).

**j.     Dispositive motions:** The parties shall set forth a description of the issues or claims that any party believes may be determined by motion for summary judgment or partial summary judgment. *See* Local Rule 26-1(b).

**k.     Alternative Dispute Resolution ("ADR") Procedure Selection:** The parties must select *either* ADR Procedure No. 2 (Court Mediation Panel) *or* ADR Procedure No. 3 (private mediation); ADR Procedure No. 1 (conference with the magistrate judge) *may not* be selected by the parties. *See generally* General Order 11-10, § 5.1; Local Rule 26-1(c). For more information about the Court's ADR Program, please visit the "ADR" section of the Court website, http://www.cacd.uscourts.gov.

**l.     Settlement Efforts:** Without disclosing the substance of the communications, the parties shall advise the Court regarding whether they have discussed settlement or had written communications regarding settlement. The parties are advised that no case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a mediation.

**m.     Preliminary Trial Estimate:** The parties must provide a realistic estimate of the time required for trial. *See* Local Rule 26-1(d). The parties' estimate is for planning purposes only; the Court may allot fewer days for trial. The parties shall specify whether trial will be by jury or to the Court, and each side must specify the number of witnesses it expects to call.

**n.     Trial counsel:** the name(s) of the attorney(s) who will try the case.

**o.     Independent Expert or Master:** the parties must advise the Court whether this is a case in which a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert should be appointed. The

appointment of a master may be appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, or resolution of a difficult computation of damages.

        **p.**      **Other issues:** a statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

## 2.      Notice to be Provided by Counsel

Plaintiff's counsel shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances. If plaintiff is appearing pro se, but defendant is represented by counsel, defendant's counsel shall provide this notice.

## 3.      Disclosures to Clients

Counsel are ordered to deliver to their respective clients a copy of this Order, the Court's trial order, and the Scheduling order.

## 4.      Class Actions

The parties are directed to the portion of Judge Staton's Procedures web page (http://www.cacd.uscourts.gov/honorable-josephine-l-staton) regarding class action scheduling issues. As explained in further detail on the web page, the parties are directed to discuss class action scheduling issues in their Joint Rule 26(f) Report.

## 5.      Utility Patent Cases

        **a.  Presumptive Schedule and Exhibit B:** In patent cases, the Court

1  intends generally to follow the Northern District of California Patent Local Rules.

2  However, the Court's presumptive schedule differs from that set forth in the

3  Northern District Rules and, where it does, the Court's presumptive schedule

4  controls. In patent cases, counsel should review, prepare, and attach the Court's

5  Joint Rule 26(f) Report utility patent-specific Exhibit B (in lieu of the Exhibit A).

6  Exhibit B is available on Judge Staton's Procedures web page.

7       **b. Technology Tutorial:** Because the Court may be unfamiliar with

8  the technology underlying many litigated patents, the parties should consider the

9  most efficient and effective manner in which to educate the Court regarding that

10  technology. Counsel must file a joint status report setting forth their proposal(s) no

11  later than 60 days in advance of the claim construction hearing. If the Court deems

12  it appropriate, the Court will schedule an in-Court technology tutorial or make other

13  appropriate orders. Counsel are strongly encouraged to present any educational

14  materials in a manner that is free of advocacy and unencumbered by each side's

15  respective litigation position(s).

16      The Court thanks the parties and their counsel for their anticipated cooperation

17  in complying with the requirements set forth in this Order.

18      IT IS SO ORDERED.

19

20  Dated: June 17, 2020            **JOSEPHINE L. STATON**
                                       United States District Judge

21

22  **Revised: October 1, 2018**

23

24

25

26

27

28

EXHIBIT A
## PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:
CASE NO:

| **Matter** | **Deadline** | **Plaintiff(s) Request** | **Defendant(s) Request** |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 Days | | |
| Fact Discovery Cut-Off | 18 weeks before the Final Pretial Conference ("FPTC") | | |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | | |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | 16 weeks before the FPTC | | |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | | |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | | |
| Expert Discovery Cut-Off | 8 weeks before the FPTC | | |
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | | |
| Last Day to File Motions in Limine (other than *Daubert* Motions) | 4 weeks before the FPTC | | |
| Final Pre-Trial Conference **(Friday at 10:30 a.m.)** | | | |

**Revised: October 1, 2018**