Michelle E. Armond (Bar No. 227439)
michelle.armond@armondwilson.com
Forrest M. McClellen (Bar No. 316845)
forrest.mcclellen@armondwilson.com
ARMOND WILSON LLP
895 Dove Street, Suite 300
Newport Beach, CA 92660
Phone: (949) 932-0778; Facsimile: (512) 345-2924

Douglas R. Wilson (Admitted *Pro Hac Vice*)
ARMOND WILSON LLP
9442 Capital of Texas Hwy North
Plaza 1, Suite 500
Austin, Texas 78759
Phone: (512) 267-1663; Facsimile: (512) 345-2924

Attorneys for Plaintiff
TARGUS INTERNATIONAL LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| TARGUS INTERNATIONAL LLC, a Delaware limited liability company, | Case No. 8:20-cv-00782 JLS (DFMx) |
| Plaintiff, | **PLAINTIFF TARGUS INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS** |
| vs. | |
| SWISSDIGITAL USA CO., LTD., a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |
| SWISSDIGITAL USA CO., LTD., a Delaware corporation, | |
| Counterclaimant, | |
| vs. | |
| TARGUS INTERNATIONAL LLC, a Delaware limited liability company, | |
| Counterdefendant. | |

Plaintiff Targus International LLC ("Targus") hereby answers the Counterclaims of Defendant Swissdigital USA Co., Ltd. ("Swissdigital") (Dkt. 19).   Targus denies all allegations in the Counterclaims, whether express or implied, that are not specifically admitted below, including all allegations in any titles or unnumbered paragraphs.

## THE PARTIES[1]

37.     Targus lacks sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies them.

38.     Targus admits that the '071 Patent is titled, "Bag or luggage with USB charging connector."  Targus lacks sufficient knowledge to admit or deny the remaining allegations in this paragraph and therefore denies them.

39.     Targus lacks sufficient knowledge to admit or deny the allegations in this paragraph and therefore denies them.

40.     Admitted.

41.     Targus admits it designs, distributes, sells, and offers for sale various bags. Targus denies the remaining allegations in this paragraph.

42.     Targus admits it offers for sale and sells various bags, including a backpack called the "15.6" CityLite Pro Premium Convertible Backpack," Model No. TSB939GL ("TSB939GL Backpack"). Targus denies the remaining allegations in this paragraph.

43.     Targus admits it advertises, sells, and conducts business in various locations in the United States, including in California and in the Central District of California. Targus lacks sufficient knowledge to admit or deny the remaining

---

[1] For the Court's convenience, Targus has incorporated the "Headings" that appear in the Counterclaims. Targus, however, is not signifying agreement with the characterizations of such Headings, and does not waive any right to dispute or challenge those characterizations.

allegations in this paragraph, and therefore denies them.

## JURISDICTION

44.    Whether the Court has subject matter jurisdiction is a conclusion of law to which no response is required. To the extent a response is required, Targus admits Swissdigital's first cause of action purports to arise under the 35 U.S.C. § 271 and that this Court has subject matter jurisdiction over causes of action arising under Title 35 of the United States Code. Targus denies any remaining allegations in this paragraph.

45.    Whether the Court has personal jurisdiction over the Targus is a conclusion of law to which no response is required. To the extent a response is required, Targus admits the Court has personal jurisdiction over Targus for the purpose of this Action. Targus denies any remaining allegations in this paragraph.

46.    Whether venue is proper is a conclusion of law to which no response is required. To the extent a response is required, Targus admits venue is proper in this District because Targus filed its Complaint in this District. Targus denies that is the sole reason venue is proper. Targus denies any remaining allegations in this paragraph.

## FIRST CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 10,574,071

47.    Denied.

48.    Targus admits its TSB939GL Backpack has an external USB port with an integrated interior cord capable of connecting to a power pack via a USB pass-through port. Targus admits the integrated interior cord has a male end inside the backpack that can be used to connect to a power pack and a female end outside the backpack.  Targus denies the remaining allegations in this paragraph.

49.    Targus admits its TSB939GL Backpack has a USB port. Targus denies the remaining allegations in this paragraph.

50.     Targus admits its TSB939GL Backpack has an external USB port with an interior cord capable of connecting to a power pack. Targus admits a consumer could store a small power pack in the TSB939GL Backpack. Targus denies the remaining allegations in this paragraph.

51.     Targus admits its TSB939GL Backpack has a USB port with an interior cord. Targus admits the interior cord has male and female ends. Targus denies the remaining allegations in this paragraph.

52.     Targus admits its TSB939GL Backpack has an interior cord with a male end that a consumer could connect to a small power pack in the TSB939GL Backpack. Targus denies the remaining allegations in this paragraph.

53.     Targus admits its TSB939GL Backpack has an external USB port partially within a housing. Targus denies the remaining allegations in this paragraph.

54.     Targus admits its TSB939GL Backpack has a female USB port attached to the outside of the bag that can accept a USB cable. Targus admits a consumer would not need to open the bag to access the female USB port. Targus denies the remaining allegations in this paragraph.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Targus lacks sufficient knowledge to admit or deny Swissdigital's allegation of monetary loss and therefore denies it. Targus denies the remaining allegations in this paragraph.

63.     Denied.

64.     Targus lacks sufficient knowledge to admit or deny Swissdigital's allegation of damages and therefore denies it. Targus denies the remaining allegations in this paragraph.

## RESPONSE TO PRAYER FOR RELIEF

No response is required to Swissdigital's prayer. To the extent a response is required, Targus denies that Swissdigital is entitled to any relief.

## DEFENSES

Targus asserts the following defenses. Targus expressly reserves the right to allege additional defenses as they become known through the course of discovery. Nothing in these defenses is intended to alter or should be taken as an argument, admission, or waiver of argument regarding the burden of proof.

## FIRST DEFENSE

### (Noninfringement)

Targus does not infringe, and has never infringed, any valid claim of the '071 Patent.

For example, both independent claims 1 and 10 and therefore all claims, include the limitation "wherein the sheath is above and covers the power cable outlet."  Because this limitation is indefinite as discussed below, a person of ordinary skill in the art could not discern that Targus's TSB939GL Backpack has this limitation, and therefore, Targus's TSB939GL Backpack does not infringe.

Additionally, even applying a plain and ordinary meaning of this limitation any alleged sheath on Targus's TSB939GL Backpack is in a horizontal relationship with any alleged power cable outlet, meaning that any alleged sheath is not "above" any alleged power cable outlet.  Therefore, Targus's TSB939GL Backpack does not infringe any claim of the '071 Patent even if this limitation is not indefinite.

-4-

## SECOND DEFENSE

### (Invalidity)

All claims of the '071 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, including, but not limited to: 35 U.S.C §§ 101, 102, 103, and 112; and 37 C.F.R. §§ 1.1 *et seq*.

For example, the only two independent claims in the '071 Patent, claims 1 and 10, both contain the limitation "wherein the sheath is above and covers the power cable outlet." This limitation was added during prosecution to overcome a rejection. The limitation constitutes new matter because the specification as filed did not provide written description support for the limitation. The patentee's asserted written description support during prosecution of the '071 Patent in Figure 7 does not disclose the arrangement of any sheath relative to any power cable outlet. Thus, all claims in the '071 Patent are invalid for lack of written description support under 35 U.S.C. § 112.

Also, the limitation "wherein the sheath is above and covers the power cable outlet" is indefinite because a person of ordinary skill in the art would not understand what is meant by the language "wherein the sheath is above and covers the power cable outlet" because there is no disclosure of this feature in the specification. The specification and prosecution history fail to inform with reasonable certainty a person of ordinary skill in the art about the scope of this phrase because, for example, it is unclear what is meant by "above." Thus, all of the '071 Patent claims are invalid under 35 U.S.C. § 112.

Additionally, it was known in the prior art to provide bags or luggage for convenient charging with USB charging ports on the outside of the bag or luggage body with a protective cover as shown and disclosed, for example, in U.S. Patent No. 9,144,281 ("'281 Patent"), which is prior art to the '071 Patent under 35 U.S.C. § 102(a)(2) (post-America Invents Act) and was not considered during prosecution of the '071 Patent. The '071 Patent was allowed over the prior art

based on the addition to the claims of a specific arrangement of the female USB port on the exterior of the bag.  Arranging the USB port in various configurations on the exterior of a bag as specified, for example, in '071 Patent, claim 1 would have been an obvious optimization to a person of ordinary skill in the art in view of the '281 Patent and the knowledge of a person of ordinary skill in the art and thus was not a patentable invention, rendering one or more claims of the '071 Patent invalid under 35 U.S.C. § 103.

### THIRD DEFENSE

### (Standing)

Swissdigital lacks standing to assert the '071 Patent.

### FOURTH DEFENSE

### (Marking)

Swissdigital cannot recover damages for infringement prior to the date of its counterclaims because Swissdigital did not comply with 35 U.S.C. § 287.

On information and belief, Swissdigital failed to properly mark substantially all its products that practice the '071 Patent, at least precluding any award of pre-suit damages.  Swissdigital does not list the '071 Patent on the product page for at least one of its backpacks that has an external USB charging port, the Swissdigital Anti-Bacterial Black and Red Backpack J14-41 (https://swissdigital-vlc.myshopify.com/collections/backpacks/products/swissdigital-anti-bacteria-black-and-red-backpack-j14-41).  Swissdigital also did not list the '071 Patent on the product pages for other backpacks with external USB charging ports at least as recently as April 7, 2020, including the Swissdigital Circuit Business Travel Backpack (J14-BR), the Swissdigital Micro Business Travel Backpack, Grey (SD-839), the Swissdigital Neptune Backpack (SD1003-01), the Swissdigital Pixel Business Travel Backpack (SD-857), and the Swissdigital Terabyte Business Travel Backpack, Black (J16BT-1).

1

**DEMAND FOR JURY TRIAL**

2

Targus demands a jury trial on all issues triable of right by a jury under

3

Federal Rule of Civil Procedure 38(b).

4

5

Dated:  July 6, 2020                              Respectfully submitted,

6

                                                           ARMOND WILSON LLP

7

8

                                                           By:  /s/ *Michelle E. Armond*
                                                           Michelle E. Armond

9

                                                           Douglas R. Wilson
                                                           Forrest M. McClellen

10

                                                           Attorneys for Plaintiff

11

                                                           TARGUS INTERNATIONAL LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28