Michelle E. Armond (Bar No. 227439)
michelle.armond@armondwilson.com
Forrest M. McClellen (Bar No. 316845)
forrest.mcclellen@armondwilson.com
ARMOND WILSON LLP
895 Dove Street, Suite 300
Newport Beach, CA 92660
Phone: (949) 932-0778
Facsimile: (512) 345-2924

Douglas R. Wilson (Admitted *Pro Hac Vice*)
ARMOND WILSON LLP
9442 Capital of Texas Hwy North
Plaza 1, Suite 500
Austin, Texas 78759
Phone: (512) 267-1663
Facsimile: (512) 345-2924

Attorneys for Plaintiff
TARGUS INTERNATIONAL LLC

*(additional counsel listed on next page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TARGUS INTERNATIONAL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SWISSDIGITAL USA CO., LTD., a Delaware corporation,<br><br>Defendant. | Case No. 8:20-cv-00782 JLS (DFMx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>SCHEDULNG CONFERENCE<br>August 7, 2020<br>10:30am<br>Courtroom 10-A<br><br>Hon. Josephine L. Staton |

Stanley M. Gibson (Bar No. 162329)
sgibson@jmbm.com
Jessica P. G. Newman (Bar No. 309170)
jnewman@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Phone: (310) 203-8080
Facsimile: (310) 203-0567

Dariush Keyhani (Admitted *Pro Hac Vice*)
dkeyhani@keyhanillc.com
KEYHANI LLC
105 30th Street NW
Washington, DC 20007
Phone: (202) 748-8950
Facsimile: (202) 318-8958

Attorneys for Defendant
SWISSDIGITAL USA CO., LTD

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and the Court's June 17, 2020 Order Setting Scheduling Conference (Dkt. 21), Counsel for Plaintiff Targus International LLC ("Plaintiff") and Defendant Swissdigital USA Co., Ltd. ("Defendant") respectfully submit the following Rule 26(f) report.

### A. Statement Of The Case

This is a patent infringement case.

Plaintiff has asserted U.S. Patent No. 8,567,578 relating to "checkpoint friendly" laptop bags, backpacks, and cases designed to allow travelers to pass through security checkpoints without removing their laptops. Plaintiff's Complaint lists eleven of Defendant's products as infringing the '578 Patent. Dkt. 1, ¶ 10.

Defendant answered and asserted nine affirmative defenses, including non-infringement and invalidity, and counterclaims that Plaintiff infringes U.S. Patent No. 10,574,071. Dkt. 19. Defendant reserved the right to assert additional defenses and/or counterclaims if such defenses or counterclaims are discovered during the course of this litigation. *Id*. The '071 Patent relates to a bag or luggage item that provides convenient charging for a user with a USB extension cable that connects to the power storage device inside the bag. Defendant's counterclaim lists "luggage products including but not limited to" an identified product as infringing the '071 Patent. Dkt. 19, ¶ 42.

Plaintiff answered and asserted four affirmative defenses to Defendant's patent infringement counterclaim, including non-infringement and invalidity. Dkt. 22.

### B. Legal Issues

The parties anticipate the key legal issues for the '578 Patent are whether: (1) Defendant infringes the asserted patent; (2) Defendant's patent infringement is willful; (3) Defendant has induced third-parties to infringe; (4) damages

///

resulting from the infringement; (5) an injunction should be issued; (6) the patent is valid; (7) related defenses.

The parties anticipate the key legal issues for the '071 Patent are whether: (1) Plaintiff infringes the asserted patent; (2) Plaintiff's patent infringement is willful; (3) Plaintiff has contributorily infringed or induced third-parties to infringe; (4) damages resulting from the infringement; (5) the patent is valid; and (6) related defenses.

### C. Damages

'578 Patent. As a direct and proximate consequence of Defendant's patent infringement, Plaintiff has suffered and will continue to suffer irreparable injury that monetary damages would be inadequate to fully remedy. Plaintiff seeks damages for past infringement, including lost profits, and injunctive relief against further infringement. Defendant's infringement is willful, making this an exceptional case entitling Plaintiff to recover treble damages and its attorneys' fees. The range of Plaintiff's damages can be ascertained after Defendant provides its sales information for the accused products during discovery.

'071 Patent. As a direct and proximate consequence of Plaintiff's patent infringement, Defendant has suffered and will continue to suffer irreparable injury that monetary damages would be inadequate to fully remedy. Defendant seeks damages for infringement, including lost profits. Plaintiff's infringement is willful, making this an exceptional case entitling Defendant to recover treble damages and its attorneys' fees. The range of Defendant's damages can be ascertained after Plaintiff provides its sales information for the accused products during discovery.

### D. Insurance

The parties have not identified any insurance agreement that would pertain to any claims in this case.

/ / /

E. **Motions**

The parties do not anticipate filing motions seeking to add other parties or claims, to file amended pleadings, to dismiss for lack of jurisdiction, or to transfer venue. However, should new information become available during discovery, the parties reserve the right to amend their pleadings.

F. **Complexity**

The parties submit that this is a typical patent infringement case asserting one patent by each party. The technology is straightforward. The parties do not believe the procedures of the Manual for Complex Litigation apply to this case.

G. **Status of Discovery**

The parties will make their initial disclosures by July 24, 2020. The parties have not served discovery requests.

H. **Discovery Plan**

    1. **Anticipated Subjects of Discovery**

The parties anticipate the scope of discovery will include, but not necessarily be limited to, the following: the history of the inventions described in the asserted patent; prior art relevant to the patent; the prosecution of the patent; the proper construction of the claims of the patent; whether any of the claims of the patent are invalid; licensing of the technology of the patent; profits made or lost from allegedly infringing activities; existing and proposed licensing or settlement agreements; information relating to the parties' use and/or exploitation of the allegedly infringing technology (actual or attempted); information relating to sales of the accused products.

    2. **Changes to the Limitations On Discovery**

Discovery shall proceed under the Federal Rules of Civil Procedure and Local Rules of this Court, except as provided herein.

Each side may serve up to a maximum of forty (40) requests for admission.

/ / /

Each side may have up to eighty (80) hours on the record for depositions, excluding expert depositions. No individual deponent may be deposed for more than seven (7) hours. Depositions taken pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count toward the total hours limit. For deponents requiring the assistance of an English translator during a deposition, only one-half (0.5) the length of the examination requiring translation of questions or answers by the translators shall count towards the time limit; for example, a deposition requiring an English translator having six hours of translated examination shall only count as a three-hour deposition under the time limit. Translated depositions not exceed seven (7) hours per day.

Each party's directors, officers, and current employees that reside outside of the United States shall be deposed at a location in the United States or overseas selected by that party permitting depositions under the Federal Rules of Civil Procedure, or via video conferencing technology by the parties' mutual agreement.

The parties may agree to take (subject to mutual agreement) all other depositions remotely via video conferencing technology.

**3.     Electronically Stored Information (ESI)**

The parties anticipate that discovery may include the production of electronically stored information. The parties agree that:

(1) parties may produce the first 3,000 pages in this action electronically in whole-document PDF format, with metadata provided on a case-by-case basis upon request of the Receiving Party to the extent it can be shown that such information is relevant and material under Federal Rule of Civil Procedure Rule 26;

(2) otherwise, the parties will produce documents electronically in whole-document PDF format, with at least 300 dpi image resolution, with a Opticon load file (.opt or .log) accompanying the document images, showing the document

boundaries and providing a correlation between the production number and the location of the file on the delivery media.

The parties agree to provide the following metadata, or its equivalent:

    i. All materials produced: beginning production number, ending production number, attachment begin, attachment end, attachment range

    ii. For hardcopy documents: custodian, OCR

    iii. For electronic files: custodian, file name, extracted text or OCR

    iv. For e-mail: date and time, subject line, sender, recipients, carbon copy recipients, body text, attachment information

For word-processing or Word files, the parties will provide redlines and comments, and for PowerPoint or slide presentations the parties will provide speaker notes. The parties will produce the following in native format unless redactions are needed: Excel or spreadsheet files, video files, audio files, animation files, database files, or file types that are not accurately represented in PDF format. The parties are not required to produce executable (.exe) or software system files. The parties are not required to search back-up tapes/media, voicemails, instant messages, text messages, as would otherwise be required, absent good cause shown.

**4.     Privilege Issues**

The parties agree that each party will serve any privilege log for documents or communications withheld or redacted on the grounds of attorney-client privilege or work product immunity that includes the following information for each item or category of documents, where pertinent: production number(s); date; author; recipient(s); carbon copy recipient(s); description sufficient to identify the general subject matter of the withheld or redacted document; and basis for withholding.

/ / /

The parties agree that a party need not identify on its privilege log information or documents withheld from production on grounds of the attorney-client privilege and/or work product immunity to the extent such information or documents were created after April 22, 2020.

The parties will include a "claw back" provision governing inadvertent production of privileged information in their proposed Protective Order.

**5.     Protective Orders**

The parties are currently negotiating a Protective Order, and anticipate submitting a proposed stipulated Protective Order regarding the handling of confidential information in this case

**6.     Completion of Fact Discovery**

See proposed deadline in Exhibit B.

**I.     Expert Discovery**

The parties' proposals on the timing of expert disclosures and discovery is provided in Exhibit B. The parties agree to the following concerning expert discovery:

Each expert witness deposition shall be limited to seven (7) hours of testimony per report that the expert submits, absent a showing of good cause. For example, if an expert provided reports on invalidity and on infringement, that expert's deposition would be limited to seven (7) hours for each report for a maximum of fourteen (14) deposition hours, absent good cause.

Testifying expert's draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion that is contained in an expert report

submitted in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including email), and other information exempt from discovery under this paragraph shall be treated as attorney work product for the purposes of this litigation.

**J.     Dispositive Motions**

The parties may file dispositive motions on infringement or Defendants' defenses in this action.

**K.     ADR Procedure Selection**

The parties propose ADR Procedure No. 2 in Local Rule 16-15.4, where the parties shall appear before a neutral selected from the Court's Mediation Panel.

**L.     Settlement Efforts**

The parties discussed settlement after the filing of this action, but do not believe settlement is imminent.

**M.     Preliminary Trial Estimate**

The parties estimate a jury trial lasting 4-6 days, with Plaintiff calling 4-8 witnesses and Defendant calling 4-8 witnesses, including experts.

**N.     Trial Counsel**

Plaintiff's trial counsel is Michelle Armond, Douglas Wilson, and Forrest McClellen at Armond Wilson LLP.  Defendant's trial counsel is Dariush Keyhani

and Frances H. Stephenson of Keyhani LLC and Stanley M. Gibson and Jessica P. G. Newman of Jeffer Mangels Butler & Mitchell LLP.

### O. **Independent Expert or Master**

The parties submit that this case does not require appointment of a special master or independent scientific expert. The technology is not complex and the parties do not expect substantial discovery disputes.

### P. **Other Issues**

See Section H.2.

The parties jointly propose a case schedule under the Court's proposed schedule, except for adjustments to the proposed Responsive Claim Construction Briefs and Claim Construction Hearing due to conflicts with other matters.

Documents that do not need to be filed with the Court may be served on the other party via electronic mail to their counsel of record. Service of documents sent via electronic mail at or before 11:59 pm Pacific Time is equivalent to personal service.

### Q. **Utility Patent Cases**

The parties' proposed case schedule for patent cases is included in Exhibit B. The parties believe that technology at issue is straightforward and does not require a tutorial, but will provide one if the Court believes it would be beneficial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-8-

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  Dated: July 23, 2020

3  ARMOND WILSON LLP                       JEFFER MANGELS BUTLER
                                                                      & MITCHELL LLP

By: /s/ *Michelle E. Armond*              By: /s/ *Jessica P. G. Newman*
    Michelle E. Armond                         (with permission)
    Douglas R. Wilson
    Forrest M. McClellen                       Stanley M. Gibson
                                               Jessica P. G. Newman

                                          KEYHANI LLC
                                               Dariush Keyhani

Attorneys for Plaintiff                   Attorneys for Defendant
TARGUS INTERNATIONAL LLC                  SWISSDIGITAL USA CO., LTD.

-9-

# EXHIBIT B
# PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES IN UTILITY PATENT CASES

CASE NAME: *Targus International LLC v. Swissdigital USA Co., Ltd.*

CASE NO: 8:20-cv-00782 JLS (DFMx)

| Matter | Deadline | Plaintiff & Defendant Jointly Request |
|---|---|---|
| Both Parties' Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure (N.D. Patent L.R. 3-1(a)-(h) to 3-2(a)-(e)). | Scheduling Conference Date plus fourteen (14) days (N.D. Patent L.R. 3-1 and 3-2). | 8/21/2020 |
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus sixty (60) days. | 10/6/2020 |
| Both Parties' Disclosure of Invalidity Contentions and Production Accompanying Invalidity Contentions[1] (N.D. Patent L.R. 3-3(a)-(d) to 3-4(a)-(b)). | Deadline for Infringement Contentions Disclosure plus forty-nine (49) days (adapted from N.D. Patent L.R. 3-3). | 10/9/2020 |
| Exchange of Proposed Terms for Construction (N.D. Patent L.R. 4-1(a)-(b)). | Deadline for Invalidity Contentions Disclosure plus fourteen (14) days[2] (N.D. Patent L.R. 4-1). | 10/23/2020 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (N.D. Patent L.R. 4-2(a)-(c). | Exchange of Proposed Terms for Construction plus fourteen (14) days (adapted from N.R. Patent L.R. 4-2). | 11/6/2020 |

---

[1] In a declaratory judgment action in which a party files a pleading seeking declaratory judgment that a patent is invalid, and where the parties anticipate that no claim or counterclaim of infringement will be asserted (in this or any other proceeding), the parties shall alter their proposed dates in accordance with N.D. Patent L.R. 3-5.

[2] Similarly, in any action in which patent validity is not expected to be at issue, the parties shall alter their proposed dates in accordance with N.D. Patent L.R. 4-1(a).

| Matter | Deadline | Plaintiff & Defendant Jointly Request |
|---|---|---|
| Joint Status Report Regarding Technology Tutorial | Sixty (60) days in advance of the Claim Construction Hearing (Order Setting Scheduling Conference). | 11/20/2020 |
| Completion of Claim Construction Discovery[3] (N.D. Patent L.R. 4-4.) | Exchange of Preliminary Claim Constructions and Extrinsic Evidence plus twenty-eight (28) days.[4] | 12/4/2020 |
| Joint Claim Construction and Prehearing Statement (N.D. Patent L.R. 4-3(a)-(e)). | Completion of Claim Construction Discovery plus seven (7) days. | 12/11/2020 |
| Opening Claim Construction Briefs[5] | Deadline for filing of Joint Claim Construction and Prehearing Statement plus seven (7) days. | 12/18/2020 |
| Responsive Claim Construction Briefs | Deadline for filing of Opening Claim Construction Briefs plus fourteen (14) days. | 1/14/2021 |
| Claim Construction Hearing | Twenty-five (25) days after the Responsive Brief Deadline (set for Tuesday at 9:00 a.m.). | 3/2/2021 |
| Claim Construction Ruling Date | Projected as 94 days (approximately three months) after the hearing. The actual date is likely to vary and may be earlier or later. | 4/30/2021 |

---

[3] As is implicit in the Northern District Rules, Claim Construction Discovery includes expert discovery addressing issues related to claim construction.

[4] The Court's procedure deviates from the Northern District Rules by deferring the filing of the Prehearing Statement until after the Completion of Claim Construction Discovery. (*Cf.* N.D. Patent L.R. 4-3.)

[5] The Northern District Rules contemplate the filing of an opening brief, a responsive brief, and a reply brief. The Court's procedure deviates from that practice and instead sets a schedule for the filing of simultaneous opening and responsive briefs.

| Matter | Deadline | Plaintiff & Defendant Jointly Request |
|---|---|---|
| Production Related to Reliance Upon Advice of Counsel (N.D. Patent L.R. 3-7(a)-(c).) | Thirty-two (32) days after the projected Claim Construction Ruling Date (adapted from N.D. Patent L.R. 3-7). | 6/1/2021 |
| Fact Discovery Cut-Off | Approximately one (1) month after the deadline for the Production Related to Reliance on Advice of Counsel and 18 weeks before the Final Pretrial Conference ("FPTC"). | 7/2/2021 |
| Last Day to Serve Initial Expert Reports (unrelated to claim construction). | 16 weeks before the FPTC. | 7/16/2021 |
| Last Day to File Motions (Except *Daubert* and all other Motions in Limine). | 16 weeks before the FPTC. | 7/16/2021 |
| Last Day to Serve Rebuttal Expert Reports (unrelated to claim construction). | 12 weeks before the FPTC. | 8/13/2021 |
| Last Day to Conduct Settlement Proceedings. | 9 weeks before the FPTC. | 9/3/2021 |
| Expert Discovery Cut-Off. | 8 weeks before the FPTC. | 9/10/2021 |
| Last Day to File *Daubert* Motions. | 7 weeks before the FPTC. | 9/17/2021 |
| Last Day to File Motions in Limine (excluding *Daubert* Motions). | 4 weeks before the FPTC. | 10/8/2021 |
| Final Pre-Trial Conference **(Friday at 10:30 a.m.)**. | | 11/5/2021 |
| **Revised: July 31, 2019** | | |